161 So.2d 118 (1964)
Mrs. Ruth MONTIE et al., Plaintiffs-Appellants,
v.
SABINE ROYALTY COMPANY, Defendant-Appellee.
No. 1065.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1964.
Rehearing Denied March 11, 1964.
Writ Refused May 4, 1964.
*119 Jones & Jones, by Jerry G. Jones, Cameron, for plaintiffs-appellants.
Liskow & Lewis, by Richard E. Gerard, Lake Charles, for defendant-appellee.
Before FRUGÉ, HOOD and CULPEPPER, JJ.
FRUGÉ, Judge.
This suit was brought to cancel a 1/32 royalty interest on a certain tract of land owned by the plaintiffs.
The facts have been stipulated and are not in dispute. Plaintiffs are the owners of a certain 368-acre tract of land. On June 16, 1952, plaintiffs transferred a 1/32 royalty interest to John Doyle. This interest was subsequently assigned to the defendant. In 1957 plaintiffs executed an oil and gas lease on the land to Fifteen Oil Company. In 1958, Fifteen Oil Company, Humble Oil & Refining Company and Texas Gas Exploration Corporation created a unit in the area; only 9.624 acres of plaintiffs' 368-acre tract was included in the unit. A producing well was drilled within the unit but it was not located on the plaintiffs' tract. In 1962, ten years after the transfer of the royalty interest, plaintiffs demanded a cancellation of the royalty interest as to that land which was not within the unit. Plaintiffs contended that since there had been no actual production on the 368-acre tract, the royalty on that part of the tract which was not within the unit had prescribed. The defendant objected, contending that production within the unit, even though not on the land subject to the royalty, interrupted prescription as to the entire 368-acre tract. Suit was brought and the district court rendered a judgment for defendant. From this judgment plaintiffs appeal.
The trial judge correctly held that this case comes squarely within the Supreme Court's holding in Crown Central Petroleum Corp. v. Barousse, 238 La. 1013, 117 So.2d 575. In that case the Supreme Court stated the problem before it as follows: "A controversy does exist, however, over whether or not production on the Harmon-A-Unit, prior to October 21, 1953, from a well not located on the Barousse tract, had the effect of tolling the prescription of ten years on the royalty interests burdening the remaining part of the land which was not included in the Harmon-A-Unit." 117 So.2d 575, 577. The Court answered this question by stating, "It suffices to deduce, as we do, that production from the Harmon-A-Unit well constituted, by virtue of the unitization agreement, production from part of the lands subjected to the mineral royalties and thereby interrupted the prescription accruing under these royalty rights unless, as was found in Elson v. Mathewes [224 La. 417, 69 So.2d 734], supra, the royalty rights were divided conventionally by the pooling agreement under which the Harmon-A-Unit was formed." 117 So.2d 575, 579. The issue is *120 the same in the present case and we are bound by Crown Central Petroleum Corp. v. Barousse, supra. The drilling within the unit interrupted prescription on the entire 368 acre tract in question even though the drilling did not take place on any part of the 368-acre tract.
Plaintiffs contend that Crown Central Petroleum Corporation v. Barousse, supra, is not applicable to the present case because there was an agreement by the royalty owner to authorize the land owners to effect a division of the royalty interest. In the royalty transfer we find the following:
"The grantor herein reserves the right to grant future leases affecting said lands so long as they shall be included therein, for the benefit of the grantee herein, the royalty rights herein conveyed; and the grantor further reserves the right to collect and retain all bonuses and rentals paid for or in connection with any future lease or accruing under the lease now outstanding."
And, in the lease by the plaintiffs to Fifteen Oil Company, we find the following clause:
"Drilling operations on or production from a pooled unit or units established under provisions of Paragraph 2 hereof or otherwise embracing land covered hereby and other lands shall maintain this lease in force only as to land included in such unit or units."
Plaintiffs rely heavily on Elson v. Mathewes, 224 La. 417, 69 So.2d 734, in which the Supreme Court stated that:
"[T]here is no law prohibiting landowner and mineral owner from entering into contract with each other whereby division or reduction of servitude results."
In Elson v. Mathewes the land owner and the mineral owner contracted with each other, thereby effecting a division or reduction of the servitude. But in this case we can find no agreement to divide or reduce the royalty interest. The clause in the original transfer quoted above merely authorized the plaintiffs to grant leases on the lands for the benefit of the royalty owners. We do not think that such purports to authorize the land owner to effect a division of the royalty. Since plaintiffs did not have this authorization, they certainly could not effect a division by a bi-party lease agreement between themselves and the lessee without the royalty owner being made a party to the transaction.
For the foregoing reasons the judgment of the district court is affirmed. Plaintiffs are assessed costs of this appeal.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.